LA FROMBOISE v. JACKSON, *ex dem.* SMITH, 8 Cow. 589.

*Adverse Possession.*

UPON the special verdict, setting forth the particulars of the entry, grant, and possession under it, of the premises in question,

The Supreme Court held that the adverse possession set up by the defendant, La Fromboise, was not available under the statute of limitations, as the grant under which his ancestors entered, (from the French Government in Canada,) was not an effectual deed, as the grantor had no color of title.

That the grant could not therefore, constitute a valid commencement of an adverse possession, and rendered judgment against the defendant.

The Court of Errors reversed the judgment, holding that it was not necessary that an adverse possession, to be available under the statute, should commence under an effectual deed ; and though the possessor claim under written evidence of title, which, in producing it, proves to be defective, yet, the character of his possession as adverse, is not thereby destroyed, nor affected by the defects of his paper title.  If the entry is made under *color of title*, the possession will be adverse, however groundless the supposed title may prove. The fact of possession, and the *quo animo*, are the test. The claim of lands, under an executory contract for purchase, the consideration being paid, and of which a Court of Equity would, therefore, decree performance and enforce against the vendor, is a sufficient color of title, to constitute an adverse possession within the statute of limitations.

Judgment reversed.

----

It was objected upon this special verdict, that it was to be *inferred from the evidence*, that the original claim of title, was from the French Government in Canada, after that title had been extinguished ; and that therefore it was void, as the foundation of an adverse possession ; but Jones, Chancellor, held, that it could not be inferred by the Court, from the evidence stated in the special verdict, and that the Court would not notice the evidence of it, unless the jury had found it as a fact.  He also held that mere possession of land, with-

out claim of title, will never confer a title ; but that the claim of title, however groundless, may be matured into a title, either against an individual or the people.